IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY W. HACKLEMAN | * | |
| Petitioner | * | |
| v. | * | CIVIL ACTION NO. AMD-06-182 |
| UNITED STATES OF AMERICA | * | |
| Respondent. | * | |
| ****** | | |

## MEMORANDUM

This matter is before the court on a motion for expungement. Petitioner pro se ("Hackleman") seeks to expunge the record of his 1992 conviction and sentence for bank larceny. See United States v. Hackleman, Criminal No. HAR-92-0340 (D. Md. 1992). Although Hackleman filed this pleading on a standard form for filing a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, he is no longer in custody. As such, this pleading is properly construed as a motion for expungement.[1] For the reasons stated below, the motion will be summarily denied.

A convicted defendant must seek expungement of criminal records through the executive branch of government by means of a pardon. Although there is no direct authority in this circuit, other federal appeals courts have ruled that district courts have "ancillary jurisdiction to expunge criminal records." United States v. Sumner, 226 F.3d 1005, 1014 (9th Cir. 2000); see also Geary v. United States, 901 F.2d. 679, 679-80 (8th Cir 1990); United States v. Schnitzer, 567 F.2d 536, 538 (2nd Cir. 1977); United States v. Linn, 513 F.2d 925, 927 (10th Cir. 1975). Sumner held that a

---

[1] Hackleman has completed his sentence of home confinement and probation.



district court does not have "the power to expunge a record of a valid arrest and conviction solely for equitable considerations. In our view, a district court's ancillary jurisdiction limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." 226 F.3d at 1014. Further, expungement is a relief confined to "exceptional circumstances." Allen v. Webster, 742 F.2d 153, 155 (1984) (citing Schnitzer, 567 F.2d at 539).

Hackleman does not contend that his conviction was unlawful or in any way inaccurate or that expungement is statutorily mandated. Hackleman asks the court to "expunge my criminal record and restore my civil rights as a citizen of the United States." Paper No. 1 at 5. He notes that more than five years have elapsed "since [his] release from probation with no criminal activity." While the court appreciates these efforts, they do not constitute "exceptional circumstances" warranting expungement. Accordingly, the motion will be denied by separate Order.

Date: 2/6/06

Andre M. Davis
United States District Judge